[*]
Kirkpatrick, C. J.
This was an action on the case for a malicious prosecution.
The law upon this subject, as it is laid down by Hargrave in his note on Go. Litt. 161, in which he states the principle, I think, more clearly and in fewer words than any other author I have seen, is this: “No man is liable for an action for merely suing in a civil form, however false the suit may be in foundation; nor is he otherwise punishable therefor except by payment of costs. But if the suit be malicious as well as false, he is ‘punishable in an action at law by the party injured. Yet this is only in cases where real damages can be proved, or where, from the grossness of the charge, the law supposes damages to be inevitable.”
In the case before us, the plaintiff below has set forth in his state of demand, all the circumstances whereof he complains ; prosecution and the loss which he has sustained on that account; he has also expressly, and I think, sufficiently, though perhaps not technically, charged the defendant below with having instituted that prosecution maliciously to vex and injure him, well Imowing that it was false in its foundation. As to the truth of this statement, both with respect to the damages and the malice, the jury were the proper judges. They have found for the plaintiff, and there appears *535 to me to be no reason to say they have done wrong, or that the court has erred. In my judgment, therefore, let the judgment be affirmed.
Rossell, J.
Of the same opinion.
Pennington, J.
The ground of objection taken by Mr. Brush, the defendant below, who is the plaintiff in this court, is, that an action cannot be maintained on this state of demand; that no action can be maintained for maliciously prosecuting a civil suit in any case whatever; that the costs that the plaintiff is condemned to pay in such case is the only remedy, for which he cites Bul. Nis. Prius, 11. If this was so, it would be a great reproach to our law; but the [*] law is otherwise. The original remedy for false, malicious, [714] vexatious civil prosecutions, was an amercement for the false clamor. This in time became merely nominal; then costs were given by statute, and for a time, costs were thought sufficient; but for nearly two hundred years the remedy pursued by the plaintiff below, has been recognized by great authority. Hob. 205, 266; Styles, 879 ; 12 Mod. 208 ; 1 Blaelc. Rep. 427 ; Bui. 12,18. Sir Henry Hobart, in the case of Waterer v. Freeman, adjudged in the reign of James I., says, “ If a man sue me in a proper court, yet if his suit be utterly without ground of truth, and that certainly known to himself, I may have an action of the case against him for the undue vexation and damage that he putteth me unto by his ill practice.” Hob. 267. See also Harg. Coke. IAtt. 161, note 4• Bit it is proper to observe, that to maintain this action, it is not sufficient that the charge made against the person injured by it, is false and groundless; but the action must be commenced maliciously, and with an intent to injure and oppress the defendant; and the circumstances of malice and vexation must be set' out in the declaration; and also the special damage sustained. It appears to me, that a good cause of action is set out in this state of demand, and that the judgment ought to be affirmed.